UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EQUAL EMPLOYMENT | ) |
|---|---|
| OPPORTUNITY COMMISSION | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| GWENDOLYN FARLEY, | ) |
| Intervening Plaintiff | ) |
| | ) |
| v. | ) No. 05 C 4995 |
| | ) |
| H&M INTERNATIONAL | ) |
| TRANSPORTATION, INC. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is H&M International Transportation, Inc.'s motion to dismiss the sexual harassment claims brought by the Equal Employment Opportunity Commission pursuant to Section 707(e) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1), e-6(e), for lack of subject matter jurisdiction and failure to state a claim.[1]  For the following reasons we deny the motion.

### STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th

---

[1] Despite referencing Federal Rule of Civil Procedure 12(b)(6), H&M solely relies on Rule 12(b)(1) as the basis for its motion to dismiss.

Cir.1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002).

Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion, we may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. U.S. Dept. Labor,* 826 F.2d 573, 576 (7th Cir. 1987).

### BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") filed a lawsuit against H&M International Transportation, Inc. ("H&M") for discrimination based on sex pursuant to Section 706(f)(1) and (3) and Section 707(e) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§2000e-5(f)(1), e-6(e). According to the complaint, H&M "engaged in unlawful employment practices" by subjecting Anita Evans, Gwendolyn Farley, and "a class of other female employees" to sexual harassment. (Compl. ¶¶ 7-8.) H&M denies any wrongdoing and further seeks to "dismiss the claims under Section 707 ... because a Section 707 case must be initiated solely by a 'Commissioner's charge,'" and Evans's and Farley's charges of sexual harassment instigated the current action. (Reply to Mot. at 2; Compl. ¶ 6.) The EEOC argues that the plain meaning of the statutory language allows it to "file a pattern or practice case under

Section 707 of Title VII based on an individual charge" of discrimination. (Resp. to Mot. at 3.) We agree with the EEOC and thus deny H&M's motion to dismiss.

## ANALYSIS

Section 707 of Title VII authorizes the EEOC to file a civil action against any non-governmental entity or individual "engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by [the Act.]" 42 U.S.C. § 2000e-6(a), (e). Initially, the Attorney General, rather than the EEOC was charged with enforcement of Title VII. However, Congress expanded the EEOC's authority to monitor compliance with Title VII in 1972 to secure more effective enforcement. *Gen'l Tel. Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 326, 100 S. Ct. 1698, 1704 (1980); *see also* 42 U.S.C. 2000e-6(e). Currently, the EEOC has the "authority to investigate and act on a charge of a pattern or practice of discrimination, *whether filed by or on behalf of a person claiming to be aggrieved or* by a member of the Commission." 42 U.S.C. § 2000e-6(e) (emphasis added). Based on the plain meaning of the words, the statute does not mandate a Commissioner's charge to initiate a § 707 action. Moreover, restricting § 707 actions only to discrimination claims initiated by the Commissioner would run afoul of Congressional intent to broadly and effectively enforce the civil rights protections afforded in Title VII.[2]

---

[2] H&M's reliance on dicta in *EEOC v. Mitsubishi Motor Mfg. of Am., Inc*. 990 F. Supp. 1059, 1084-85 (C.D. Ill. 1998) to support its assertion that a § 707 claim cannot be initiated by an individual charge is misplaced. (Mot. at 3-5.) The *Mitsubishi* case *was* initiated by a Commissioner's charge and it involved the applicability of § 706's statute of limitations to § 707 actions. We agree with Judge Urbom's reliance on the statutory language to interpret the Act and his disapproval of the proposition in *Mitsubishi* that § 707 actions are limited to Commissioner's charges. *See EEOC v. Dial Corp.,* 156 F. Supp. 2d 926, 968 n.35 (N.D. Ill. 2001).

## CONCLUSION

For the reasons discussed above, we deny H&M's motion to dismiss EEOC's claims of a pattern or practice of sexual harassment brought pursuant to § 707 of Title VII.

MARVIN E. ASPEN
United States District Judge

Dated: 1/10/06